36384. IOWA HARDWARE MUTUAL INSURANCE
COMPANY *v.* CALIFF.

DECIDED NOVEMBER 16, 1956—REHEARING DENIED DECEMBER 5, 1956.

770

8

*Carter, Latimer & Savell,* for plaintiff in error.

*Wm. F. Buchanan, Newell Edenfield, Lamar Sizemore,* contra.

GARDNER, P. J. This case turns mainly, if not entirely, on questions of facts and construction of the combination policy involved. One of the questions involved is whether or not the court erred in allowing the amendment marked "New Exhibit A" to be substituted for the original Exhibit A. This exhibit was a combination automobile policy. The provision of paragraph 22 has no bearing and does not control the terms of the 12 months' policy. In our view paragraph 22 of the policy concerns only the bank and the insurance company, and the court was authorized to find, under the pleadings and facts submitted, in favor of the plaintiff for the principal sum of $2,093.30 plus $523 damages, plus $350 attorney's fees, together with costs. The defendant filed a motion for new trial on the general grounds and added three special grounds by amendment.

Special ground 1 is to the effect that the trial judge erred in rendering said judgment because the evidence demands a finding that the policy was canceled. This ground is not cause for reversal for the reasons given hereinabove.

Special ground 2 assigns error in that the trial judge erred in rendering judgment for damages and attorney's fees for the reason that there was no evidence from which it could be inferred that the defendant was guilty of bad faith in refusing to pay the loss within sixty days after demand. We cannot see as a matter of law, under the facts of this case, that the defendant did not act in bad faith in not paying the claim within sixty days after notice of the injury in accordance with the statute.

Special ground 3 is to the effect that the petition was so defective that no valid judgment could be rendered thereon because of the substitution of the exhibits as mentioned hereinabove. This ground is without merit.

As to whether or not the defendant acted in bad faith is a question of fact and the trial court resolved that question against the defendant.

Under the record of this case we find no reversible error either in the statutory grounds or in the special grounds.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*